# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DONOVAN HENDERSON,  )
#199129,  )
  )    CIVIL ACTION NO. 9:14-511-TMC-BM
Petitioner,  )
  )
v.  )    **REPORT AND RECOMMENDATION**
  )
JOSEPH MCFADDEN, WARDEN,  )
OF LIEBER CORRECTIONAL  )
INSTITUTION,  )
  )
Respondent.  )
_____  )

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on February 20, 2014.[1]

The Respondent filed a return and motion for summary judgment on July 25, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on July 29, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition on September 29, 2014.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] Petitioner also filed a motion to expand the record on the same date, which was granted. See Court Docket No. 30. Although the Court granted both parties additional time to brief any issues raised by the inclusion of Petitioner's additional documents in the record, neither side filed any
(continued...)



1

This matter is now before the Court for disposition.[3]

### Procedural History

Petitioner was indicted in Colleton County in June 2008 for burglary in the first degree [Indictment No. 08-GS-15-295]. (R.pp. 130-131). Petitioner was represented by Everette W. Bennett, Jr., Esquire. The State noticed its intent to seek Life without Parole ("LWOP") based on Petitioner's prior conviction for armed robbery in 1993, which was a most serious offense. (R.pp. 15, 90-91). On January 27, 2009, Petitioner pled guilty to the charge pursuant to a negotiated plea agreement/sentence of eighteen (18) years confinement. (R.pp. 1-19). The trial judge accepted the guilty plea, and in accordance with the negotiated plea/sentence, sentenced Petitioner to eighteen (18) years confinement in prison. (R.pp. 18-19). An accompanying charge of attempted robbery was nolle prossed as part of the plea agreement but held in abeyance to insure Petitioner's testifying truthfully in the case against any co-defendant. (R.p. 3). Petitioner did not file a direct appeal from his guilty plea and sentence.

On August 4, 2009, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Henderson v. State of South Carolina, No. 2009-CP-15-691; raising the following issues:

**Ground One**: Ineffective Assistance of Counsel.

**Ground Two**: Involuntary Plea.

---

[2](...continued)
additional briefs.

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

**Ground Three**: Due Process Violation.

(R.p. 23).

Petitioner was represented in his APCR by Robert J. Bonds, Esquire, and an evidentiary hearing was held on Petitioner's application on April 21, 2011. (R.pp. 67-118). In an order filed May 13, 2011, the PCR judge denied relief on the APCR in its entirety. (R.pp. 120-129).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Robert M. Pachak of the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition seeking to be relieved and raising the following issue:

Whether plea counsel was ineffective for failing to file a direct appeal?

See Johnson Petition, p. 2 (Court Docket No. 20-2, p. 3).

Petitioner filed a pro se brief in response to the Johnson petition dated July 5, 2012, in which he raised the following additional issues:

1. Whether the PCR judge erred in finding Petitioner's guilty plea was knowing and voluntary where Petitioner questioned counsel's loyalty from a conflict of interest?

2. Whether the trial judge abused his discretion in failing to find a conflict of interest where counsel represented the victim in a previous criminal matter?

See Court Docket No. 2-3, p. 4.

On October 17, 2013, the South Carolina Supreme Court denied Petitioner's writ of certiorari and granted counsel's petition to be relieved. See Court Docket No. 20-4. The Remittitur was sent down on November 5, 2013. See Court Docket No. 20-5.

In his Petition for writ of habeas corpus filed in this United States District Court,

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California,386 U.S. 738, 744 (1967).



Petitioner raises the following issues:

> **Ground One:** Whether plea counsel was effective when he failed to file a direct appeal.
>
> **Supporting Facts:** Petitioner pled guilty on January 27, 2009 to 1st Degree Burglary. Petitioner requested that his guilty plea be appealed because plea counsel had a conflict of interest. Petitioner delivered the request to a jail official (Captain Frazier). Cap. Frazier testified to delivering Petitioner's request for an appeal to plea counsel. Counsel's failure to perfect a Notice of Appeal upon request of Petitioner was a failure to provide the effective assistance of counsel guaranteed by the Sixth Amendment and the right to a direct appeal from conviction.
>
> **Ground Two:** Whether the PCR Judge erred in finding Petitioner's guilty plea was knowing and voluntary where Petitioner questioned counsel's loyalty due to a conflict of interest.
>
> **Supporting Facts:** The PCR Court found Petitioner failed to present any evidence and failed to make specific findings of fact and conclusions of law, as required by law, where Petitioner introduced evidence of the conflict of interest and testified "I don't feel as though he was going to represent me to his best ability." The record was sufficient to require findings of fact and conclusions of law, to include plea counsel's affidavit of conflict and testimony before the PCR Court.
>
> **Ground Three:** Whether the trial judge abused his discretion in failing to find a conflict of interest that violated the Sixth Amendment where counsel represented the victim in a previous criminal proceeding.
>
> **Supporting Facts:** Plea counsel (Everett Bennett, Jr.) represented the victim (David Pinckney) in a previous criminal matter. Counsel filed an affidavit and formal motion to be relieved based on the conflict. The trial judge denied the motion, forcing the Petitioner to plead guilty where he was forced to rely on counsel with a conflict.

See Petition, pp. 6, 8-9.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is

charged with liberally construing pleadings filed by a pro se litigant to allow the development of a

potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S.

519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services,

901 F.2d 387 (4th Cir. 1990).

## I.

### (Grounds One and Two)

In Grounds One and Two of his Petition, Petitioner argues that his plea counsel was

ineffective when he failed to file a direct appeal and that the PCR Judge erred in finding Petitioner's

guilty plea was knowing and voluntary where Petitioner questioned counsel's loyalty due to a conflict

of interest.  Petitioner raised these issues in his APCR,[5] where Petitioner had the burden of proving

the allegations in his petition, as well as on appeal to the State Supreme Court.  Butler v. State, 334

S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also Court Docket Nos. 21-3;

21-5, pp. 20-23, 48-620.  The PCR court rejected these claims, making relevant findings of fact and

conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.  See

Henderson  v. State of South Carolina, No. 2009-CP-15-691.

Specifically, the PCR judge found that: 1) plea counsel's testimony was credible; 2)

---

[5]While Petitioner obviously did not raise the claim in his APCR that the PCR Judge erred in
his rulings, the assertion that underlies Petitioner's claim of error, that his plea was not knowing and
voluntary due to a conflict, was raised.  Petitioner's claim here is that the PCR judge wrongly decided
that issue.



counsel was a trial practitioner with extensive experience in the trial of serious offenses; 3) counsel conferred with Petitioner on numerous occasions; 4) during conferences with Petitioner, counsel discussed pending charges, the elements of the charges and what the State was required to prove, Petitioner's constitutional rights, Petitioner's version of the facts, and possible defenses or lack thereof; 5) Petitioner understood the nature of the charges and the possible punishments; 6) at the plea hearing, Petitioner indicated that he was fully satisfied with counsel and that no one had threatened him or promised him anything to get him to plead guilty; 7) Petitioner told the Court that he understood the terms of the negotiated sentence; 8) Petitioner admitted his guilt at the plea hearing; 9) Petitioner's plea was entered voluntarily and intelligently with a full understanding of the consequences; 10) Petitioner understood the terms of the negotiated sentence and it was Petitioner's decision to plead guilty; 11) Petitioner's counsel demonstrated the normal degree of skill, knowledge, professional judgment, and representation that are expected of an attorney who practices criminal law in South Carolina; 12) counsel adequately conferred with Petitioner, conducted a proper investigation, and was thoroughly competent in his representation; 13) counsel obtained a favorable negotiated sentence for Petitioner considering Petitioner was facing exposure of confinement for life for burglary - 1st degree plus an attempted robbery charge; 14) in addition, the State had noticed Petitioner for LWOP based on a prior conviction for armed robbery; 15) counsel properly advised Petitioner regarding his eligibility for LWOP; 16) Petitioner was eligible for LWOP based on his prior conviction for armed robbery, a most serious offense; 17) counsel was not ineffective for failing to file a direct appeal; 18) Petitioner is not entitled to a belated appeal; 19) in the present case, there was no indication that Petitioner specifically asked counsel to file a notice of appeal; 20) since Petitioner pled guilty to a negotiated plea agreement, there was no reason for counsel to believe that Petitioner



6

wanted to file an appeal; 21) Petitioner waived his right to challenge the conflict of interest ruling

when he pled guilty; 22) a guilty plea must be unconditional; 23) with regard to Petitioner's claim that

a conflict of interest resulted from counsel's prior representation of the victim, no conflict of interest

actually materialized; 24) the mere possibility of a conflict of interest is insufficient to challenge a

criminal conviction; 25) a defendant who raises no objection at trial must demonstrate that an actual

conflict of interest affected his lawyer's performance; 26) the Petitioner bears the burden of showing

that a potential conflict actually materialized into a realized conflict adversely affecting counsel's

performance; 27) Petitioner failed to establish that counsel's earlier representation of the victim

adversely affected his representation; 28) counsel testified that the prior representation was eight

years earlier and that he had no contact with the victim after the 2001 case was concluded; 29) the

charge on which counsel represented the victim was totally unrelated to the Petitioner's charges; 30)

counsel even testified that he would not recognize the victim; 31) moreover, out of an abundance of

caution, counsel filed a motion to be relieved and the judge found no actual conflict and denied the

motion; 32) no conflict of interest actually materialized; 33) as to any and all allegations that were

raised in the application or at the hearing in this matter and not specifically addressed in this order,

including involuntary guilty plea and due process violation, Petitioner failed to present any evidence

regarding such allegations; and 34) therefore, Petitioner waived such allegations and failed to meet

his burden of proof regarding them.  (R.pp. 120-126).

The South Carolina Supreme Court found no issues of arguable merit in Petitioner's

PCR appeal and further found that "a direct appeal would, in any event, be to no avail, for the circuit

court had subject matter jurisdiction to accept petitioner's guilty plea and the direct appeal issue is

without merit." See Henderson v. State, Appellate Case No. 2011-198187 (Order dated October 17,



2013).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, with regard to the ineffective assistance of counsel claim that was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted



8

in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner contends that his counsel was ineffective for failing to file an appeal and that his guilty plea was not knowingly and voluntarily entered due to a conflict of interest.[6] However,

---

[6]While Petitioner's second claim technically asserts error by the PCR Court for finding his plea was free and voluntary, the claim is premised on his counsel having had a conflict of interest. In order for counsel to have an actual conflict for Sixth Amendment purposes, Petitioner must show a conflict that adversely affected his counsel's performance. Mickens v. Taylor, 535 U.S. 162, 172 n. 5 (2002). Therefore, in considering Petitioner's second claim, the undersigned has considered and discussed whether Petitioner showed his counsel was ineffective. See discussion, infra.



9

after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of <u>Strickland</u> and <u>Hill</u>. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. In addition, Petitioner has also failed to show that his guilty plea was not voluntarily and knowingly entered.

The record shows that Petitioner testified at the PCR hearing that he became aware that his counsel knew or had some relationship with the victim about a week before he went to court. (R.p. 71). Petitioner testified that his counsel had written him that he previously represented the victim and that his counsel moved to be relieved, but that after a hearing on the matter the court denied counsel's request. (R.pp. 73-75). Petitioner testified that he did not bring the issue of the conflict up at his guilty plea because it was the same judge who had denied the motion and his counsel told him that there was nothing he could do. (R.p. 75). However, on cross examination at his PCR hearing, Petitioner acknowledged that he told the plea court that he was fully satisfied with his attorney. (R.p. 83). With respect to an appeal, Captain Charles Fraser, an officer at the Detention Center where Petitioner was being held, testified at Petitioner's PCR hearing that Petitioner completed a request to staff form requesting that his plea counsel file an appeal, that he had signed the form, and that to the best of his knowledge it had been delivered to Petitioner's counsel. (R.pp. 86-87). However, on cross examination, Fraser testified that he did not recall if he personally gave the document to counsel. (R.p. 88). Petitioner's trial counsel testified that he never received any request to file an appeal. (R.pp. 112-113).

Petitioner's trial counsel also testified that he met with Petitioner probably a half



10

dozen times between the time when he was appointed and Petitioner's plea. (R.p. 89). Counsel

testified that he discussed the elements of the charges with the Petitioner and what the State was

required to prove, as well as that the State had served the LWOP notice on Petitioner. (R.pp. 90-91).

Counsel further testified that Petitioner's confession was recorded on videotape.  (R.p. 92).

Petitioner's counsel also testified that he had previously represented the victim in Petitioner's case

back in 2001 on an appointed case on grand larceny charges, but that he didn't know the victim

before and had never heard from him after that case was over, and that the earlier case had nothing

to do with Petitioner's case. (R.pp. 97-98).  Counsel testified that he told Petitioner when he realized

the connection that the victim

> was no friend of mine, he wasn't an ongoing client, I was appointed.  I did my duty,
> you know, I represented him but it wasn't like I had ongoing talks with [the victim]
> or any kind of ongoing attorney-client relationship.  I never saw or talked to [the
> victim] after I finished representing him in 2001.
>
> I told him that as far as I was concerned that, you know, I–I didn't think that
> that would keep me from doing a good job for him, but I had to disclose it to him
> because it was, you know, a potential conflict of interest.  I told him that if he wanted
> me off the case that I understood, that it didn't hurt my feelings, to just let me know
> what he wanted me to do.
>
> But I told him that I was automatically going to file an affidavit of conflict
> because I felt like that was my ethical duty and obligation to disclose that conflict to
> the court and to him and, uh, – I don't remember what – I really don't remember
> exactly what he said about it, but I went ahead and filed the affidavit of conflict.

(R.pp. 98-99).

Having reviewed this record, it is readily apparent that by pleading guilty Petitioner

waived and abandoned any claim of error by the trial court in finding that his counsel had no conflict

of interest. Rivers v. Strickland, 213 S.E.2d 97, 98 (S.C. 1975)["The general rule is that a plea of

guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and



11

defenses, including claims of violation of constitutional rights prior to the plea]; State v. Passaro, 567

S.E.2d 862, 866 (S.C. 2002)[Same]; State v. Oleary, 393 S.E.2d 186, 187 (S.C. 1990)["impermissible

for a defendant to preserve constitutional issues while entertaining a guilty plea; the trial court may

not accept the plea on such terms"].  At Petitioner's guilty plea, counsel testified that he had advised

Petitioner of the charges, the maximum penalty or punishment, its direct consequences, and of all of

his constitutional rights.  (R.pp. 7-8).  Petitioner also testified that he understood these matters and

rights.  (R.p. 8).  Petitioner then expressed his wish to plead guilty and affirmed that he understood

that he was giving up his constitutional rights to a jury trial, to remain silent, and to confront

witnesses.  (R.pp. 10-11).  Petitioner also testified to the terms of the negotiated plea for a sentence

of eighteen (18) years.  (R.pp. 11-12).  Petitioner testified that no one had promised him anything

beyond the negotiated eighteen (18) years, that no one had threatened him to get him to plead guilty,

that he was satisified with his attorney's services, and that his counsel had done everything on his

behalf that Petitioner felt like he should have done.  (R.p. 12).  Petitioner then again reaffirmed that

he was completely satisfied with his counsel's services, that he was pleading guilty of his own free

will and accord, that his answers to the court's questions had been truthful, that his answers had been

his own and not suggested by anyone to him, and that he was in fact guilty.  (R.pp. 13-14).

  The Solicitor also told the sentencing court that he had noticed Petitioner,

> because of his rap sheet, for life without parole, pursuant to the LWOP statute.  And
> as Your Honor knows, once I do that, I don't normally offer any deal, and the only
> reason I did it in this case was because Mr. Bennett interceded on his behalf.  I know
> that there had been a motion earlier that there might be a cop plea, but I wanted to
> state for the record that Mr. Bennett has done a good job today because I could have
> LWOPP'd him on this case, but I chose not to because Mr. Bennett interceded on his
> behalf.



(R.p. 15).

Then, after discussing Petitioner's lengthy record with the plea Court, the Solicitor told the Court that,

> Which is, again, why he is very lucky that Mr. Bennett has interceded on his behalf; but, obviously, Judge, the one and two years of time didn't get it done, which is why I'm insisting – I did insist on a 18 year sentence in this case.

(R.p. 16).

Later, near the end of the plea, the Court stated to the Petitioner,

> I'm going to tell you, I don't normally, and I've accepted your plea, so I'm going to follow the negotiations once I accept it, but the Solicitor is right, you deserve every day of the 18 years. With your record, it's amazing that you didn't get hurt more seriously or that somebody else didn't when you were breaking in. I'm going to tell you that. And you could be looking at life, do you understand that?

To which the Petitioner responded, "yes, sir" and the Court continued,

> You're very fortunate that you're not being put away for life with the record you have. Make sure you thank your lawyer on the way out. Do you understand?

The Petitioner then said, "yes, sir" and the Court then responded,

> Anything else you want to tell me?

Petitioner stated, "No, sir, just thank you."

(R.p. 18).

This record clearly shows that Petitioner was aware of his counsel's earlier representation of the victim prior to entering his guilty plea, and he therefore waived his right to challenge the trial court's conflict of interest ruling when he pled guilty. Rivers, 213 S.E.2d at 98; Passaro, 567 S.E.2d at 866; Oleary, 393 S.E.2d at 187. In any event, South Carolina does not even recognize conditional guilty pleas. State v. Truesdale, 296 S.E.2d 528, 529 (S.C. 1982)[Conditional guilty pleas are not recognized in South Carolina].



13

Further, even if considered as an ineffective assistance claim, the PCR court correctly noted that the mere possibility of a conflict is insufficient to challenge a criminal conviction. Rather, it held that in order to establish a violation of the Sixth Amendment, a defendant who raised no objection at his guilty plea must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. The PCR court also found that Petitioner failed to establish that his attorney's earlier representation of the victim in Petitioner's case adversely affected counsel's representation of the Petitioner, and that counsel did not have any active conflict at the time that he represented the Petitioner. The PCR court further found that it was clear from the record that counsel's representation of Petitioner was thoroughly competent, that counsel negotiated a favorable plea for the Petitioner, and that Petitioner had failed to meet his burden of proof as to this claim. (R.pp. 122-126). See Mickens, 535 U.S. at 172 n. 5 ["An 'actual conflict' ,for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."].  As previously discussed, substantial deference is to be given to the state court's findings; Evans, 220 F.3d at 311-312; Bell v. Jarvis, supra; 28 U.S.C. § 2254(e)(1); see also Fisher, 215 F.3d at 446-447; and the undersigned can find no reversible error by the state PCR court under this standard.

With respect to Petitioner's claim that counsel was ineffective for failing to file a direct appeal, at his PCR hearing Petitioner argued that he wanted to appeal because he did not believe that his counsel was going to represent him to the best of his ability because counsel had previously represented the victim. (R.pp. 76-77).  However, the PCR court found that Petitioner did not specifically ask his counsel to file a direct appeal, and since there was a negotiated plea which was accepted, there was no reason for his counsel to believe the Petitioner wanted him to file an appeal. The PCR court's findings are entitled to substantial deference on habeas corpus review, and



while a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it disagrees with the state court's findings (assuming that were to be the case). Further, given the deference due the state court's finding on this credibility issue, Petitioner has not shown that the state court's finding was unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. <u>See</u> <u>Pondexter v. Dretke</u>, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; <u>Evans</u>, 220 F.3d at 312. <u>See</u> <u>Seymour v. Walker</u>, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."]; <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."].

　　　　Even if this Court were to accept Petitioner's assertions regarding the facts in this case, he has shown no prejudice from counsel's failure to file an appeal. The PCR court found that plea counsel worked diligently to obtain a plea offer and the Solicitor even told the plea court that the only reason he offered such a favorable negotiated sentence was because of the efforts of Petitioner's counsel. Hence, Petitioner has failed to meet his burden of proving trial counsel failed to render reasonably effective assistance. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Additionally, it is clear in the record that the plea



court also went over the facts of the case and Petitioner's rights prior to the acceptance of the plea, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

There is no basis in this record to overturn the findings of the State Court. Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court, and the undersigned can therefore discern no reversible error in the state court findings. See Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]. Therefore, Petitioner has failed to show he suffered any prejudice due to counsel's failure to appeal this issue. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.]; Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].



16

Petitioner has not shown that he is entitled to relief on these claims, and they should be dismissed.

## II.

With respect to Petitioner's Ground Three, that the trial judge abused his discretion in failing to find a conflict of interest in violation of the Sixth Amendment where counsel represented the victim in a previous criminal matter, it is readily apparent that this issue was not previously properly raised and exhausted in his state court proceedings. The undersigned has already discussed this issue to the extent Petitioner raised an ineffective assistance of counsel claim with regard to the conflict and/or asserted error by the PCR Court in its ruling on this underlying claim. See discussion, infra. However, that is not the same issue as presented in Ground Three, wherein Petitioner complains about the trial judge.[7]

Since Petitioner did not pursue this claim in a direct appeal; see, n. 7, supra; it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is

---

[7]This claim is a different claim from Petitioner's Ground Two, where Petitioner asserted that the *PCR Court* committed error by not finding for him on this issue. The State Supreme Court reviewed that claim as part of Petitioner's PCR appeal, and it was therefore exhausted for purposes of federal court review. However, while Petitioner also asserted this same error by the trial court in his PCR appeal, that was a direct appeal issue, not a matter to be considered on collateral review. Drayton v. Evatt, 430 S.E.2d 517, 520 (S.C. 1993) [issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel].



17

fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though exhausted, because this issue was not *properly* pursued and exhausted by the Petitioner in the state court, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Martinez v. Ryan</u>, 565 U.S. ___, ___, 132 S.Ct. 1309, 1316 (2012); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Petitioner argues in his memorandum in opposition that, to the extent his claim is procedurally defaulted, he should still be allowed to pursue it because any default is due to ineffective assistance

18

of his plea counsel. Specifically, plea counsel's failure to file a direct appeal to preserve the issue on appeal.

The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, a claim of ineffective assistance asserted as cause for failing to exhaust claims "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" Edwards v. Carpenter, 529 U.S. 446, 452 (2000)(quoting Murray v. Carrier, 477 U.S. at 489); cf Frasier v. Maschner, 304 F.3d 815, 817 (8th Cir. 2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural default unless the petitioner has first presented this argument 'as an independent Sixth Amendment claim to the state courts, if a forum existed to make the argument.'"](quoting Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994)); Clemons v. Luebbers, 381 F.3d 744, 752 (8th Cir. 2004)[Habeas petitioner must have independently presented this ineffective assistance of counsel claim to the state court for adjudication]. Here, Petitioner did raise an issue of ineffective assistance of counsel for failing to file a direct appeal as a claim in his PCR appeal. Tome v. Stickman, 167 Fed.Appx. 320 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at



451-452).

However, in order to show ineffective assistance of his plea counsel on this issue, Petitioner must show not only that his counsel was deficient, but that he also suffered prejudice. Strickland, 466 U.S. at 694. Here, the issue of whether Petitioner's counsel was ineffective for failing to file a direct appeal was raised as an independent ground in his federal habeas petition and found to be without merit. See discussion, infra. Therefore, Petitioner has failed to show the necessary cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, to the extent Petitioner is arguing that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998); see also Doe v. Menefee, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges on which he was found guilty. See Schlup v. Delo, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."]; Doe, 391 F.3d at 161 (quoting Schlup for the evidentiary standard required for a court to consider an actual innocence claim). Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice



20

occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, this claim is procedurally barred from consideration by this Court.

### <u>Conclusion</u>

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

November 17, 2014
Charleston, South Carolina

21

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

