IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Donovan Henderson, | ) | |
| | ) | C/A No. 9:14-511-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge. On November 11, 2014, Magistrate Judge Bristow Marchant filed a Report and Recommendation recommending Respondent's Summary Judgment Motion (ECF No. 19) be granted and the petition be dismissed with prejudice. (ECF No. 33). On January 13, 2015, Petitioner timely filed objections to the Report (ECF No. 43) and a motion for an evidentiary hearing and to appoint counsel (ECF No. 44).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear

error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

In June 2008, Petitioner was indicted for first degree burglary and attempted armed robbery. (ECF No. 20-1 at 5). Petitioner was represented by Everett W. Bennett, Jr. ("Bennett"). As part of a negotiated plea, Petitioner pled guilty to the burglary charge and was sentenced to a negotiated sentence of 18 years imprisonment, and the State nolle prosed the robbery charge and withdrew its intent to seek a sentence of life without parole. *Id.*

The underlying facts were recited during the guilty pleas as follows: Petitioner and three co-defendants entered the residence of David Pinckney (Pickney") at night armed with a 9 mm pistol. Pinckney, who was armed with an AK47, shot twice at the intruders. (ECF No. 20-1 at 16).[1] Police officers found Petitioner shot twice a short distance away from the residence and a gun and a mask nearby him. *Id.* Petitioner gave a video-taped confessed as to his involvement to police. (ECF No. 20-1 at 17, 95).

Prior to the guilty plea, Bennett disclosed to Petitioner that he had represented the victim, Pinckney, on an unrelated criminal charge years earlier in 2001. Bennett filed an affidavit with the state circuit court in which he stated that he had previously represented Pinckney on unrelated charges and that he felt it would be a conflict of interest to continue representing Petitioner. (ECF No. 27-1 at 1). The circuit court, however, found that Bennett's prior representation of Pinckney in 2001 was not a conflict. (ECF No. 27-1 at 2). Bennett then informed Petitioner that if Petitioner was still uncomfortable with Bennett as his counsel, Petitioner could hire another attorney to represent him. (ECF No. 27-1 at 2). Petitioner, however, proceeded with Bennett as

---

[1] Petitioner disputed whether he was carrying a handgun, but because the incident occurred at nighttime, the prosecutor stated that it still qualified as a first degree burglary. (ECF No. 20-1 at 6).

his counsel.

Petitioner did not file a direct appeal and filed for post-conviction relief ("PCR") in 2009, raising three issues: 1) ineffective assistance of counsel; 2) involuntary plea; and 3) due process violation.  (ECF No. 20-1 at 25).  After a hearing, the PCR court denied Petitioner relief.  (ECF No. 20-1 at 120-131).  Petitioner appealed raising the following issues: 1) whether plea counsel was ineffective for failing to file a direct appeal; 2) whether the PCR court erred in finding Petitioner's plea was knowing and voluntary when Petitioner questioned counsel's loyalty from a conflict of interest; and 3) whether the trial court abused his discretion in failing to find a conflict of interest based upon plea counsel's prior representation of the victim.  (ECF No. 20-2 at 3; 20-3 at 2).  The South Carolina Supreme Court denied Petitioner's writ of certiorari and the remittitur was sent down on November 5, 2013.  (ECF Nos. 20-4; 20-5).

In this habeas petition, Petitioner raises the following issues, quoted verbatim:

**Ground One:** Whether plea counsel was effective when he failed to file a direct appeal.

**Supporting Facts:** Petitioner pled guilty on January 27, 2009 to 1st Degree Burglary. Petitioner requested that his guilty plea be appealed because plea counsel had a conflict of interest. Petitioner delivered the request to a jail official (Captain Frazier). Capt. Frazier testified to delivering Petitioner's request for an appeal to plea counsel. Counsel's failure to perfect a Notice of Appeal upon request of Petitioner was a failure to provide the effective assistance of counsel guaranteed by the Sixth Amendment and the right to a direct appeal from conviction.

**Ground Two:** Whether the PCR Judge erred in finding Petitioner's guilty plea was knowing and voluntary where Petitioner questioned counsel's loyalty due to a conflict of interest.

**Supporting Facts:** The PCR Court found Petitioner failed to present any evidence and failed to make specific findings of fact and conclusions of law, as required by law, where Petitioner introduced evidence of the conflict of interest and testified "I don't feel as though he was going to represent me to his best ability." The record was sufficient to require findings of fact and conclusions of law, to include plea counsel's affidavit of conflict and testimony before the PCR Court.

> **Ground Three:** Whether the trial judge abused his discretion in failing to find a conflict of interest that violated the Sixth Amendment where counsel represented the victim in a previous criminal proceeding.
>
> **Supporting Facts:** Plea counsel (Everett Bennett, Jr.) represented the victim (David Pinckney) in a previous criminal matter. Counsel filed an affidavit and formal motion to be relieved based on the conflict. The trial judge denied the motion, forcing Petitioner to plead guilty where he was forced to rely on counsel with a conflict.

(ECF No. 1 at 5, 7-8; Petition 6, 8-9).

## II. Discussion

Initially, the court notes that Petitioner is seeking habeas on three grounds, but all involve Petitioner's claim that his plea counsel had a conflict of interest. As to Grounds One and Two, the Magistrate Judge found Petitioner failed to establish his plea counsel was ineffective and failed to show that his guilty plea was not voluntary and knowingly entered. (Report at 10). Specifically, the Magistrate Judge found that Petitioner waived his claim that plea counsel had a conflict of interest when he pled guilty. (Report at 11-13). And, moreover, the Magistrate Judge found that even if considered, giving the PCR court substantial deference, the PCR court correctly ruled that Petitioner has shown only a potential conflict of interest, rather than an actual conflict. (Report at 14). As for Petitioner's claim that plea counsel was ineffective for failing to file a direct appeal, again giving the PCR court substantial deference, the Magistrate Judge found that Petitioner has not shown that the PCR court's ruling was unreasonable. (Report at 15). Finally, the Magistrate Judge noted that even considering Petitioner's claims, he has not shown any prejudice. (Report at 15).

As to Ground Three, the Magistrate Judge found that the claim was procedurally barred as Petitioner did not raise it in the state court proceedings. (Report at 17). And Petitioner has not shown cause and prejudice or actual innocence. (Report at 18, 20). The Magistrate Judge also

specifically addressed Petitioner's contention that the issue was not presented to the state courts based upon plea counsel's failure to file an appeal, and concluded that Petitioner has failed to show he was prejudiced by an deficient performance. (Report at 20).

Upon review, the court finds that many of Petitioner's objections are unrelated to the dispositive portions of the Magistrate Judge's Report, merely restate his claims, or are repetitive. The court, however, was able to glean two specific objections: 1) the Magistrate Judge erred in finding that Petitioner waived any conflict of interest claim; and 2) the Magistrate Judge erred in finding Petitioner failed to establish ineffective assistance of counsel.

Turning to Petitioner's objections, Petitioner first contends that the Magistrate Judge erred in finding that, by pleading guilty, Petitioner waived any claim of error by the trial court in finding counsel had a conflict of interest. (Report at 11). Petitioner contends that because his plea was not voluntary due to plea counsel's conflict of interest, he did not waive any claims.

"To establish ineffective assistance of counsel on conflict of interest grounds, a petitioner must establish that (1) his attorney labored under 'an actual conflict of interest' that (2) 'adversely affected his lawyer's performance.' " *Mickens v. Taylor*, 240 F.3d 348 (4th Cir. 2001) (*citing Cuyler*, 446 U.S. at 348). Here, as the Magistrate Judge stated, Petitioner has failed to establish an actual conflict and, therefore, cannot establish prejudice. *See Mickens v. Taylor*, 533 U.S. 162, 172 (2002) (recognizing the distinction between an actual conflict that affected counsel's performance and a potential, merely theoretical conflict). Moreover, as the Magistrate Judge also noted, even if an actual conflict of interest could be established, the burden remains on Petitioner to demonstrate an adverse effect on his defense. *See Cudd v. Ozmint*, 2009 WL 3157305 (D.S.C. 2009)(holding petitioner's argument fails on merits because he cannot demonstrate that conflict of interest adversely affected counsel's performance). As Petitioner has not demonstrated any adverse effect, the Magistrate Judge correctly determined that this claim fails. Accordingly,

5

Petitioner's objections are without merit.

Second, Petitioner contends that the Magistrate Judge erred in finding that Petitioner had failed to establish an ineffective of assistance claim. Petitioner specifically contends that the Magistrate Judge erred in giving deference to the PCR court's credibility determination. Plea counsel testified at the PCR hearing that he filed the affidavit stating he believed there was a conflict of interest because of an "ethical duty and obligation to disclose that conflict to the court." (ECF No. 20-1 at 102). He further testified that he did not have an ongoing relationship with Pinckney and did not even remember him. (ECF No. 20-1 at 98-99; 101). Additionally, he testified that he did not remember Petitioner asking him to file an appeal. (ECF No. 20-1 at 105).

The PCR court found that there was no indication Petitioner wanted to appeal and because Petitioner pled guilty to a negotiated plea, plea counsel had no reason to believe Petitioner would want to appeal. (ECF No. 20-1 at 126). The PCR court also found that Petitioner waived any right to appeal the conflict of interest claim. Giving the PCR court the required deference, the Magistrate Judge correctly found Petitioner failed to establish his claim of ineffective assistance of counsel for failing to file an appeal. *See Singleton v. Eagleton*, 425 Fed.Appx. 228, *2 (4th Cir 2011)(unpublished)(holding that in ruling on ineffective assistance of counsel claim predicated on a failure to file an appeal, state PCR's factual findings regarding credibility determination, which must be presumed correct, were not rebutted by clear and convincing evidence and therefore were neither contrary nor unreasonable application of federal law). *See also Reddic v. Cartledge*, 2014 WL 463270, * 15 (D.S.C. 2014). Accordingly, Petitioner's objections are without merit.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit. Accordingly, Petitioner's motion for an evidentiary hearing and to appoint counsel (ECF No. 44) is **DENIED**;

6

Respondent's Summary Judgment Motion (ECF No. 19) is **GRANTED**; and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
February 3, 2015

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.